# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GARY HAYWOOD
ADC#122542                                                                                          PETITIONER

VS.                                    5:12CV00030 DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Gary Haywood. *Docket entry #1*. Before addressing Petitioner's

habeas claims, the Court will review the procedural history of the case in state court.

In 2001, Petitioner was charged, in Garland County Circuit Court, with capital murder and attempted capital murder. *Docket entry #1 at 1*. The prosecution elected not to seek the death penalty. *Docket entry #1 at 7*.

On August 14, 2001, Petitioner entered a negotiated guilty plea to amended charges of first-degree murder and attempted first-degree murder.[1] *Docket entry #6-10*. Based on an agreement between the parties, the trial court then scheduled a jury trial to determine Petitioner's sentence. *Docket entry #6-10 at 6*. On October 29, 2001, a jury sentenced Petitioner to life imprisonment, for first-degree murder, and thirty years, for attempted first-degree murder, to run consecutive to the life sentence. *Docket entry #6-11*.

Petitioner appealed his sentences to the Arkansas Supreme Court. His lawyer filed a "no-merit" brief, pursuant to Ark. R. Sup. Ct. 4-3(j)(1) and *Anders v. California*, 386 U.S. 738 (1967). Petitioner then proceeded to file *pro se* points for reversal, arguing "that his trial counsel was ineffective, that the trial court was not aware of his psychiatric problems, and that he was sentenced outside the

---

[1] When Petitioner pleaded guilty, his age was eighteen years and ten months. *Docket entry #6-11 at 4*. Petitioner admits that, prior to the entry of his guilty plea, he was examined by a psychiatrist who found that he was "competent at the time of the crime and to stand trial, and that he was competent to waive his *Miranda* rights and give a statement to the police that would be admissible in court." *Docket entry #1 at 5*.

3

sentencing grid." *Haywood v. State*, 2002 WL 31399615 at *1. (Ark. 2002) (unpublished).

On October 24, 2002, the Arkansas Supreme Court rejected Petitioner's *pro se* points for reversal and affirmed his sentences. *Id.*

Four years later, on July 24, 2006, Petitioner filed a *pro se* Rule 37 Petition in Garland County Circuit Court. He argued that: (1) his lawyer was ineffective for failing to investigate prosecutorial misconduct; (2) he was coerced into making an incriminating statement when the police promised him that he would be charged "with a lesser offense than murder;" and (3) he told his lawyer that he wanted to withdraw his guilty plea and proceed to trial, but his lawyer refused. *Docket entry #6-13*.

On August 28, 2006, the trial court entered an Order dismissing the Rule 37 Petition as untimely. *Docket entry #6-15*. On January 25, 2007, the Arkansas Supreme Court affirmed the trial court's dismissal of the Rule 37 Petition. *Haywood v. State*, 2007 WL 185097 (Ark. 2007) (holding that the trial court lacked jurisdiction to consider the untimely Rule 37 Petition) (unpublished *per curiam*).

On April 9, 2007, Petitioner filed a *pro se* Petition for a Writ of Error *Coram Nobis* in Garland County Circuit Court. *See Haywood v. State*, 2008 WL 95866 (Ark. 2008) (reciting procedural history) (unpublished *per curiam*); *see also docket*

*entry #6 at 3*. He argued that: (1) his Due Process rights were violated because he was "prevented from advancing a claim of mental disease or defect at the time of trial;" and (2) ineffective assistance of counsel. *Haywood*, 2008 WL 95866 at *2. On January 10, 2008, the Arkansas Supreme Court affirmed the trial court's denial of *coram nobis* relief.[2] *Id.*

On January 20, 2012, over four years after he was denied *coram nobis* relief, and five years after he was denied Rule 37 relief, Petitioner's retained counsel initiated this federal habeas action. *Docket entry #1*. Petitioner asserts the following habeas claims: (1) his guilty plea was unknowing and involuntary due to his mental disabilities and low IQ; (2) counsel was ineffective for failing to adequately investigate his "diminished mental capacity" at the time of the crime; (3) counsel was ineffective for failing to advise him there was no practical difference between the life-imprisonment penalties for capital and first-degree murder; and (4) counsel was ineffective for failing to present mitigating evidence of his mental disabilities to the jury during his sentencing. *Id.*

Respondent argues that all of Petitioner's claims are: (1) barred by the statute of limitations; and (2) procedurally defaulted. *Docket entry #6*.

For the reasons discussed below, the Court concludes that all of Petitioner's habeas claims are barred by the one-year statute of limitations contained in 28

---

[2] The Arkansas Supreme Court noted that Petitioner should have first requested its permission to proceed in the trial court with a writ of error *coram nobis*. Thus, it treated Petitioner's appeal as a request to reinvest jurisdiction in the trial court to proceed with a writ of error *coram nobis*.

U.S.C. § 2244(d)(1). Thus, the Court recommends that this habeas Petition be dismissed, with prejudice.

## II. Discussion

### A. The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On October 24, 2002, the Arkansas Supreme Court affirmed Petitioner's conviction. Thus, "direct review" concluded ninety days later, on January 22, 2003, when the time expired for Petitioner to seek a writ of certiorari from the United States Supreme Court. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

The next day, on January 23, 2003, the one-year statute of limitations governing § 2254 habeas actions began to run, and it expired on January 23, 2004. Petitioner initiated this action on January 20, 2012, almost eight years after the expiration of the limitations period.

**B.     Analysis of Statutory Tolling**

The AEDPA provides for statutory tolling for the time during which a "properly filed" petition for collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

Petitioner failed to "properly file" any timely postconviction motions in state court before the limitations period expired. The mandate issued in his direct appeal on November 30, 2002. From that date, Petitioner had sixty days, until January 29, 2003, to file a timely Rule 37 Petition.

As previously explained, the one-year statute of limitations governing § 2254 habeas actions expired on January 23, 2004. When Petitioner filed his untimely Rule 37 Petition in state court, on July 24, 2006, "there was no federal limitations period remaining to toll[.]" *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Thus, statutory tolling is not applicable in this case. *See id.*

**C.     Analysis of Whether Petitioner is Entitled to Equitable Tolling**

Finally, equitable tolling may allow a habeas petitioner to halt the running of the one-year limitations period in § 2244(d). However, to invoke equitable tolling, a habeas petitioner must show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing of his habeas action. *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549 (2010). "[E]quitable tolling is appropriate only under limited circumstances . . .

[and] must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Petitioner argues that he is entitled to equitable tolling because of his "mental health issues." He contends that those issues are "extraordinary and stood in the way of the timely filing of his petition."[3] *Docket entry #7 at 2-3*. The Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." *Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2001) (unpublished *per curiam*).

Even if the Court were to assume that Petitioner had a mental impairment that prevented him from filing a timely habeas Petition, on or before January 23, 2004 (the date the limitations period expired), his equitable tolling argument is completely untenable based on his *demonstrated ability* to later pursue state postconviction relief, which raised essentially the same claims he is now asserting in this habeas action:

---

[3] Petitioner relies on the following "mental health issues": (1) his juvenile history of psychiatric hospitalizations for behavioral problems; (2) his multiple placements into the Division of Youth Services Observation and Assessment Centers; (3) his completion of only the fourth grade, and expulsion from an alternative school when he was thirteen; (4) his 1996 diagnoses of conduct disorder, depressive disorder, obsessive/compulsive disorder, with a full scale IQ of 74; and (5) a prescription of Luvox to control obsessive thoughts and patterns. *Docket entry #1 at 4-7*. However, in raising these issues, Petitioner fails to explain the report of a psychiatrist, *who examined him before he entered his guilty plea*, and found that he "was competent at the time of the crime and to stand trial[.]" *Docket entry #1 at 5*.

| | |
|---|---|
| **January 23, 2004:** | The habeas one-year statute of limitations expires. |
| **July 24, 2006:** | Petitioner files a *pro se* Rule 37 Petition in Garland County Circuit Court. |
| **January 25, 2007:** | The Arkansas Supreme Court affirms the denial of Rule 37 relief. |
| **April 9, 2007:** | Petitioner files a *pro se* Petition for a Writ of *Error Coram Nobis* in Garland County Circuit Court. |
| **January 10, 2008:** | The Arkansas Supreme Court affirms the denial of *coram nobis* relief. |
| **January 20, 2012:** | Petitioner initiates this § 2254 habeas action. |

This undisputed timeline forecloses Petitioner's equitable tolling argument based on alleged "mental health issues," because it makes it clear he was competent to pursue *pro se* postconviction relief in state court, but somehow unable to demonstrate the minimum diligence required to file a federal habeas action in this Court.

First, beginning on July 24, 2006, and ending on January 10, 2008, Petitioner demonstrated his ability: (1) to prepare and file two *pro se* petitions for postconviction relief in the state trial court (which raised essentially the same claims he is asserting in this habeas action); and (2) to appeal the denial of those claims to the Arkansas Supreme Court. Assuming that Petitioner had some mental impairment that prevented him from timely filing a federal habeas petition before

9

the expiration of the January 23, 2004 deadline, *his own actions* on July 24, 2006 unquestionably demonstrated that he was capable of pursuing *pro se* postconviction relief in state court. In order to be deemed "reasonably diligent" in pursuing his federal habeas claims, Petitioner should have initiated this habeas action on or shortly after July 24, 2006.

Petitioner counters that his state court postconviction pleadings were "botched" and "partly incoherent," and, therefore, support his argument that a mental impairment prevented a timely federal habeas action. *Docket entry #7 at 3-4*. Importantly, even an inartful § 2254 habeas petition is sufficient to demonstrate the diligence required to qualify for equitable tolling, especially when the claimed basis for the delay in filing arises from an alleged mental issue. However, the fact that Petitioner made *no effort* to file a § 2254 action, until years after his unsuccessful efforts to pursue *pro se* postconviction relief in state court, places him in the same position as other habeas petitioners who have argued that their limited education, resources, and lack of legal knowledge should equitably toll the limitations period. The Eighth Circuit has consistently rejected those arguments. *See, e.g. Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that a *pro se* prisoner's misunderstanding of the state court postconviction rules did not warrant equitable tolling); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (holding that a *pro se* prisoner's lack of legal knowledge and legal resources did not warrant

equitable tolling); *Jihad v. Hvass*, 267 803, 806-07 (8th Cir. 2001) (noting that the pre-filing "obstacles faced by many if not most [*pro se*] habeas petitioners" were presumed to have been considered by Congress in enacting a one-year limitations period).

Finally, Petitioner initiated this habeas action: (1) almost eight years after the expiration of the habeas limitations period on January 23, 2004; (2) five years and five months after he first demonstrated the ability to pursue *pro se* postconviction relief by filing a Rule 37 Petition on July 24, 2006; and (3) four years after he concluded his pursuit of postconviction relief in state court, when his *coram nobis* appeal was affirmed on January 10, 2008. Petitioner's inexplicable five-year delay in filing this federal habeas action, while he was actively pursuing Rule 37 and *coram nobis* relief in state court, removes the essential lynch pin necessary for his equitable tolling argument: that he "has been pursuing his [federal habeas] rights diligently[.]" *See Holland*, 130 S. Ct. at 2562. Thus, Petitioner is not entitled to invoke equitable tolling to save his untimely § 2254 habeas Petition.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 23rd day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE